UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RASHAD PALMER, | |
| Plaintiff, | Civil Action No. 23-2344 (MAS) (RLS) |
| v. | |
| SOMERSET COUNTY JAIL, et al., | OPINION |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Rashad Palmer's ("Plaintiff") civil complaint (ECF No. 1), and amended *in forma pauperis* application (ECF No. 4) in this prisoner civil rights matter. Having reviewed the application, this Court finds that leave to proceed without prepayment of fees is authorized, and Plaintiff's application is therefore granted. As Plaintiff will be granted *in forma pauperis* status in this matter, the Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice in its entirety.

**I. BACKGROUND**

Plaintiff is a convicted state prisoner currently imprisoned in South Woods State Prison. (ECF No. 1 at 2.) In his complaint, he seeks to bring claims against staff of the Somerset County Jail for various issues he had while imprisoned there. (*Id.* at 2-3.) Specifically, Plaintiff contends that he suffered from various medical issues, including a broken finger, swollen testicles, and bowel issues, but received inadequate treatment for these complaints when he filed medical requests. (*Id.* at 4-5; ECF No. 1-3 at 1-4; ECF No. 1-4 at 1-3.) Plaintiff names as Defendants the

jail itself, the jail's warden, a medical doctor, and two nurses. (ECF No. 1 at 2-3.) Plaintiff's complaint, however, is devoid of how any of these specific Defendants were actually involved in his medical treatment, or of any details of how they responded to any specific request for medical aid. Plaintiff also briefly mentions a lack of access to Muslim prayer items and clergy while at the jail, but also fails to mention how any of the named Defendants were involved in this claim.

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen Plaintiff's complaint and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.  DISCUSSION

In his complaint, Plaintiff seeks to raise deliberate indifference to medical needs and religious expression claims against Defendants, including the Somerset County Jail. County jails, however, are not persons subject to suit under § 1983 because they are merely an arm of the municipal entity which operates them. *See e.g., Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. Apr. 8, 2015) (a county jail is not a person subject to suit under § 1983, and the county itself is instead responsible for the operation of the facility). Somerset County Jail is therefore not a proper Defendant in this matter, and Plaintiff's claims against it must therefore be dismissed.

The remaining Defendants Plaintiff names include the jail warden, two nurses, and a doctor, but Plaintiff's complaint is devoid of any facts as to how these individuals were involved with Plaintiff, his medical care, or Plaintiff's lack of access to religious items. A "defendant in a civil rights action must have personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). As such, a defendant in a § 1983 matter cannot be found liable solely on the basis of a *respondeat superior* theory of vicarious liability, and he thus cannot

3

be liable for the actions of his subordinates. *Id.*; *see also Iqbal*, 556 U.S. at 676. As Plaintiff has failed to provide any allegations as to how each of the individual Defendants were involved in his medical treatment or his lack of access to religious items, he has failed to plead a plausible claim for relief as to the remaining Defendants and Plaintiff's complaint must therefore be dismissed without prejudice at this time for failure to state a claim upon which relief may be granted.

### IV.    CONCLUSION

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 4) is **GRANTED**, and his complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety for failure to state a claim upon which relief may be granted. Plaintiff is granted leave, however, to file an amended complaint in this matter within thirty (30) days. An order consistent with this Opinion will be entered.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE